**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIANA RIVERA, Individually and as Representative of the ESTATE of EREN RIVERA, Deceased, | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | C.A. No. 4:26-CV-04462 |
| KLEIN INDEPENDENT SCHOOL DISTRICT; EPPS ISLAND ELEMENTARY SCHOOL; DR. JENNY MCGOWN, in her official capacity; JOHN/JANE DOE SCHOOL EMPLOYEES 1-10, | § § § § § § § § | |
| *Defendants.* | § § § | |

### MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) ON BEHALF OF DEFENDANTS KLEIN INDEPENDENT SCHOOL DISTRICT AND DR. JENNY MCGOWN

Defendants Klein Independent School District ("KISD" or "the District") and Dr. Jenny McGown file their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### Nature and Stage of the Proceeding

This action arises out of a tragic accident that occurred at KISD's Epps Island Elementary School ("Epps ES") on February 24, 2025, when KISD student Eren Rivera died from choking during the lunch period. Eren's mother, Plaintiff Juliana Rivera, claims that KISD failed to train staff, supervise student meal periods, and enforce effective emergency response protocols, and she brings various state and federal claims arising out of this incident. A scheduling conference is set for September 14, 2026. Dkt. 4. Defendants KISD and McGown file this Motion to Dismiss all of Plaintiff's claims.

1

**Statement of the Issues**

- Whether Plaintiff's claims against KISD's Superintendent, Dr. Jenny McGown, in her official capacity, should be dismissed as redundant to her claims against KISD, and similarly, whether Plaintiff's claims against Epps ES, which is not a legal entity, should be dismissed as redundant to her claims against KISD.

- Whether Plaintiff fails to state a claim for municipal liability against KISD where the Complaint does not plausibly allege that an official policy or custom caused the deprivation of Eren's constitutional rights, and similarly, whether Plaintiff fails to plead a pattern of similar constitutional violations sufficient to support municipal liability.

- Whether Plaintiff's Fourteenth-Amendment claims based upon state-created danger and special relationship theories should be dismissed as futile.

- Whether Plaintiff's Fourteenth-Amendment claims should be dismissed for failure to state a claim upon which relief may be granted.

- Whether KISD is immune from Plaintiff's state law tort claims where KISD may only be sued in tort from harm arising from the negligent use or operation of a motor-vehicle or motor-driven equipment, which is irrelevant to this case.

**Standards of Review**

Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to Challenge the Court's exercise of subject-matter jurisdiction over a case. *See Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts." *Id.* A court must accept all factual allegations in the plaintiff's complaint as true, and the burden of establishing a federal court's subject-matter jurisdiction rests "with the party seeking to invoke it." *See Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 733 (S.D. Tex. 2009); *see also Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Rule 12(b)(6)

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To be viable, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this "facial plausibility" standard, a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). A court does not accept as true, however, "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Indeed, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff." *Id.*

**Facts as Pleaded**

On February 24, 2025, Plaintiff's son, Eren Rivera, was a student attending KISD's Epps ES. Dkt. 1 at p. 4, ¶ 14. Plaintiff alleges that "[d]uring a school-supervised, food-related activity in the cafeteria, Eren began choking." *Id.* at ¶ 15. Plaintiff alleges that despite Eren's exhibition of choking-episode symptoms, school personnel did not promptly identify the nature of the emergency and failed to administer interventions such as the Heimlich maneuver, abdominal thrusts, or back blows. *Id.* at ¶ 16. Plaintiff further alleges that school personnel failed to initiate CPR in a timely manner and delayed activating emergency medical services (EMS), which Plaintiff claims occurred during a critical window in which prompt intervention would have prevented anoxic injury and death. *Id.* at ¶ 17. Plaintiff alleges that Eren was pulseless, unresponsive, and without spontaneous respiration when EMS arrived at the scene. Dkt. 1 at p. 4, ¶ 18. Despite EMS's "aggressive" resuscitation efforts, Eren was transported to the hospital and pronounced dead shortly thereafter. *Id.*

Plaintiff alleges that the "failures leading to Eren's death" were the foreseeable result of systemic deficiencies within KISD, including: (1) inadequate training of staff in choking recognition, the Heimlich maneuver, CPR, and emergency medical protocols; (2) insufficient supervision during student meal periods; (3) breakdowns in internal communication; and (4) failure to comply with state requirements concerning emergency preparedness and staff training. Dkt. 1 at p. 5, ¶ 20. Plaintiff now brings this action alleging the following claims; (1) a Fourteenth Amendment claim (via 42 U.S.C Section 1983) under the theories of state-created danger, special relationship, failure to train, failure to supervise, and failure to adopt policies (Counts I, II and III); (2) wrongful death and survival actions under Texas law (Counts IV and V); and (3) various

negligence theories (Counts VI and VII). As shown below, the Court should dismiss all of Plaintiff's claims against KISD and McGown.

<u>**Argument and Authorities**</u>

**A.      Plaintiff's Redundant Claims Against McGown and Epps ES Should Be Dismissed.**

Plaintiff asserts claims against McGown in her official capacity as KISD's Superintendent in addition to suing KISD as an entity. Dkt. 1 at p. 3, ¶ 10. "Since an official-capacity suit generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," Plaintiff's official-capacity claims against McGown are duplicative of her claims against KISD and should be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). The Fifth Circuit likewise recognizes that "a[n] official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (quoting *Graham*, 473 U.S. at 166)). Accordingly, when the governmental entity itself is named as a defendant, courts routinely dismiss the redundant official-capacity claims against individual employees. *See, e.g.*, *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

Here, Plaintiff has sued KISD directly and seeks to impose municipal liability against the District. Any official-capacity claim against McGown is therefore a claim against KISD itself. Because those claims add nothing to the litigation and are entirely duplicative of Plaintiff's claims against KISD, the Court should dismiss all claims asserted against McGown in her official capacity.

Plaintiff also names Epps ES as a separate defendant. Dkt. 1 at p. 3, ¶ 9. Under Texas law, an individual school campus is not a separate legal entity with the capacity to sue or be sued. *See Rico ex rel. S.R. v. El Paso Indep. Sch. Dist.*, No. EP-17-CV-00183-KC, 2018 WL 11347015, at *3

(W.D. Tex. Feb. 6, 2018) (holding that an elementary school is not a separate legal entity capable of being sued); *Granado v. El Paso Indep. Sch. Dist.*, No. 3:25-CV-00504-LS, 2026 WL 1952771, at *2 (W.D. Tex. July 6, 2026) (holding that a high school is not a separate legal entity capable of being sued). Epps ES is not a separate legal entity capable of being sue but is instead part of KISD. Since KISD is already a defendant, the Court should dismiss all claims against Epps ES as redundant to her claims against KISD.

**B.      Plaintiff Fails to State a Municipal Liability Claim Against KISD.**

A plaintiff seeking to impose municipal liability must plausibly allege that "(1) an official policy or custom, (2) of which a policymaker can be charged with actual or constructive knowledge, (3) was the moving force behind the violation of a constitutional right." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Because municipal liability is intended to be limited, these requirements are applied with "stringent standards of culpability and causation." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997).

To survive a motion to dismiss, a plaintiff must plead facts—not legal conclusions—showing the existence of an official policy or custom that caused the alleged constitutional deprivation. Conclusory allegations that a municipality maintained an unconstitutional policy or custom are insufficient under *Twombly* and *Iqbal*. *See Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (affirming dismissal where plaintiff failed to identify a specific policy); *Peña v. City of Rio Grande City*, 879 F.3d 613, 621-22 (5th Cir. 2018). Here, Plaintiff alleges that:

> The District was on notice that its training, supervision, and emergency response practices were inadequate and posed a substantial risk of serious harm to students, yet it failed to take reasonable steps to correct these deficiencies. Klein ISD's policies, customs, and practices, and its deliberate indifference to the need for proper training, supervision, and emergency protocols, were the moving force behind the constitutional violations suffered by Eren Rivera.

Dkt. 1 at p. 10, ¶¶ 41-42.

These allegations merely recite the elements of a *Monell* claim without pleading facts showing the existence of any official policy, widespread custom, or persistent practice. Plaintiff identifies no written policy, no formal directive, no pattern of similar constitutional violations sufficient to establish a custom, and no factual basis from which the Court could reasonably infer that KISD maintained a district-wide policy of inadequate training, supervision, and emergency response practices amounting to deliberate indifference to student safety.

## C.    Plaintiff Fails to Plead a Pattern of Similar Constitutional Violations Sufficient to Support Municipal Liability.

To establish municipal liability based upon a custom, practice, failure to train, or failure to adopt policies, a plaintiff must plead facts that plausibly support a pattern of similar constitutional violations sufficient to place KISD's policymakers on notice that existing policies or training were inadequate. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010). Here, Plaintiff alleges only that "[t]he District was on notice that its training, supervision, and emergency response practices were inadequate and posed a substantial risk of serious harm to students, yet it failed to take reasonable steps to correct these deficiencies." Dkt. 1 at p. 10, ¶ 41. These allegations merely recite the elements, and Plaintiff fails to plead any facts supporting a pattern of similar constitutional violations sufficient to place KISD's policymakers on notice that existing policies or training were inadequate.

## D.    Plaintiff's Failure-to-Adopt-Policy Claim Also Fails as a Matter of Law.

Municipal liability may not be imposed merely because a plaintiff believes a governmental entity could have adopted better or additional policies. Rather, a plaintiff must establish that policymakers were deliberately indifferent to a known or obvious consequence of the alleged policy omission. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Deliberate indifference is a "stringent standard of fault" requiring proof that a municipal actor disregarded a known or

7

obvious consequence of its action or inaction. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997).

The Fifth Circuit has repeatedly held that a municipality's failure to adopt additional policies cannot give rise to liability absent proof that policymakers were on notice that existing policies were inadequate and likely to result in constitutional violations. *See Valle v. City of Houston*, 613 F.3d 536, 547–48 (5th Cir. 2010) ("A pattern of similar violations is important because '[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011))); *Peterson v. City of Fort Worth*, 588 F.3d 838, 849–50 (5th Cir. 2009) (holding that deliberate indifference requires notice of a pattern of similar constitutional violations); *Pineda v. City of Houston*, 291 F.3d 325, 334–35 (5th Cir. 2002) (rejecting municipal liability where plaintiff failed to demonstrate a pattern sufficient to place policymakers on notice of alleged deficiencies).

Here, Plaintiff has not plead any facts demonstrating that KISD's Board of Trustees was aware of a pattern of similar constitutional violations that would have alerted them that existing District policies were inadequate. Instead, Plaintiff references the following: "Failure to adopt or enforce policies required by evolving state standards, including those reflected in House Bill 4623, relating to school emergency preparedness, staff training, and student safety." Dkt. 1 at p. 10, ¶ 40(e). Plaintiff's general argument that KISD failed to adopt policies involving "school emergency preparedness, staff training, and student safety" is far too general to establish municipal liability in this case, and represents the kind of hindsight criticism the Fifth Circuit has found insufficient as a matter of law. *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381–83 (5th Cir. 2005) (holding that evidence of what policymakers could have

8

done differently does not establish deliberate indifference). Finally, Plaintiff's reference to HB 4623 is puzzling given that: (1) HB 4623 became law seven (7) months *after* the events of this case; and (2) HB 4623 involves sexual misconduct claims, not medical emergencies. *See* Tex. Civ. Prac. & Rem. Code § 118.001 *et seq*.

**E.      Plaintiff's State-Created Danger Theory is Futile.**

Plaintiff attempts to invoke the state-created danger doctrine as a basis for her Section 1983 claims while expressly acknowledging the futility of this theory in her Complaint, recognizing that the Fifth Circuit has "not yet formally adopted" the doctrine. Dkt. 1 at p. 7, ¶ 32.

The Fifth Circuit, in *Sterling v. City of Jackson, Mississippi*, 159 F.4th 361 (5th Cir. 2025), adopted the state-created danger doctrine as a viable theory of liability and recovery. However, *Sterling* was a 2-1 majority decision with a voluminous dissent from Judge Engelhardt, and the Fifth Circuit has since granted rehearing en banc and vacated the panel opinion. *See Sterling*, 159 F.4th; *Sterling v. City of Jackson, Mississippi*, 167 F.4th 86 (5th Cir. 2026) (mem.). The state-created danger doctrine's status therefore remains unsettled, but even if the doctrine is ultimately recognized, the facts of the instant case do not remotely satisfy the theory.

In *Sterling*, residents brought a class action against the city and city officials asserting substantive due process claims under Section 1983 for violation of a right to bodily integrity and for state-created danger arising from allegations that the residents suffered lead poisoning as a result of the city knowingly contaminating the water and then encouraging residents to drink the water. *Sterling*, 159 F.4th at 361. The Court found the facts alleged in the case particularly egregious:

> The alleged facts of this case mirror one of the greatest public health emergencies in the United States in the last decade—the Flint water crisis. Instead of Flint, Michigan, these events take place in Jackson, Mississippi. Here, Plaintiffs allege that the City introduced lead into the drinking water, pumped the toxic water into

people's homes, and lied about the safety of the water. In reliance on those lies, residents drank, cooked with, and bathed in toxic water. They now face tragic, lifelong health effects. Because the alleged facts plausibly state that the City violated Plaintiff's Fourteenth Amendment right to bodily autonomy, the lawsuit may proceed.

*Id.* at 367. In the opinion, the 2-1 majority held, "Today we end decades of confusion and delay and adopt state-created danger as a viable theory in our circuit." *Id.* at 386. The Court found that the theory requires pleading and proof of the following: (1) that a state actor or state actors affirmatively acted to create or enhance a danger to the plaintiff; (2) that the act or acts created or enhanced a danger specific to the plaintiff and distinct from the danger to the general public; (3) that the act or acts caused the plaintiff's harm; and (4) that the state actor's conduct, when viewed in total, shocks the conscience. *Id.* at 387 (citing *Irish v. Fowler*, 979 F.3d 65, 75 (1st Cir. 2020)).

Plaintiff's effort to plead a state-created danger theory of liability is wholly futile. Plaintiff does not remotely plead facts establishing the elements set forth in *Sterling*. Plaintiff alleges, "Defendants, acting under color of state law, affirmatively created or increased the danger to Eren Rivera by initiating, organizing, and supervising a school-controlled food-related activity during which Eren was required to participate, despite the absence of adequately trained personnel capable of recognizing and responding to choking emergencies." Dkt. 1 at p. 6, ¶ 26. These allegations merely recite the "affirmatively acted" element, but Plaintiff fails to allege facts supporting an affirmative act at all, but at most an omission, and even if they did, nothing in the Complaint approaches the level of knowing contamination of the water supply in *Sterling*.

**F.      Plaintiff's Special Relationship Theory is Also Futile.**

Plaintiff attempts to invoke the special relationship doctrine as a basis for her Section 1983 claims but concedes in her Complaint that this argument is futile, given the Fifth Circuit's narrow construction of the doctrine. Dkt. 1 at p. 9, ¶ 38.

10

Fifth Circuit precedent expressly forecloses the argument that a *DeShaney* special relationship is created by the compulsory attendance of a student in a public-school setting. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 857 (5th Cir. 2012) (reaffirming "decades of binding precedent: a public school does not have a special relationship with its students requiring the school to ensure the students' safety from private actors"); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997) (holding that compulsory school attendance does not create a special relationship giving rise to a constitutionally rooted duty of school officials to protect students from private actors). Instead, a special relationship requires a custodial relationship where the state takes a person into custody and holds them against their will, *e.g.* prisoners, involuntarily committed mental patients, and foster children. *Doe ex rel. Magee*, 675 F.3d at 857-58. Plaintiff's theory is admittedly foreclosed by binding Fifth Circuit law.

**G.      KISD is Immune from Plaintiff's State Law Claims.**

Plaintiff asserts state law claims against KISD for (1) wrongful death, (2) survival, (3) negligence and gross negligence, and (4) negligent hiring, training, and supervision. Dkt. 1 at pp. 11-15. KISD is immune from these claims. The Texas Tort Claims Act (TTCA) is the only means by which a plaintiff may sue a Texas governmental entity in tort. With regard to negligence claims, the TTCA waives immunity only as to a public school district for harm arising from the negligent use or operation of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.051.

Plaintiff's negligence, gross negligence, and negligent hiring, training, and supervision claims (obviously) do not arise from the negligent use or operation of a motor-driven vehicle or motor-driven equipment, and therefore KISD is immune from Plaintiff's negligence-based claims. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (holding that a Texas school district is immune from all tort claims except those involving motor vehicles).

With regard to her wrongful death and survival actions, Plaintiff pleads that "Defendants' acts and omissions constituted negligence and gross negligence under Texas law." Dkt. 1 at p. 11, ¶ 46. Again, because the claim does not arise from the negligent use or operation of a motor-driven vehicle or motor-driven equipment, KISD is immune from Plaintiff's wrongful death claim. *See Jones*, 979 F.2d at 1007. Further, the Fifth Circuit has held that Texas Civil Practice & Remedies Code Section 71.002 does not waive governmental immunity for wrongful death. *See Saenz v. City of McAllen*, 396 Fed. Appx. 173, 179 (5th Cir. 2010). Likewise, this Court has held that "all common law tort claims alleged against a governmental unit are presumed to be governed by the TTCA regardless of whether the TTCA waives immunity for the claim[s] at issue. *Francis v. County*, No. H-14-2943, 2016 WL 6662275, at *18 (S.D. Tex. November 10, 2016) (holding that wrongful death and survival claims are precluded by governmental immunity because the claims do not fall within the limited waiver of governmental immunity provided by the TTCA). As such, KISD is immune from Plaintiff's wrongful death and survival claims.

Because immunity from suit is jurisdictional, and because Texas has not waived immunity for the instant claims, the Court likewise lacks jurisdiction over such claims. Accordingly, Plaintiff's claims must be dismissed under Rule 12(b)(1).

### Prayer

Defendants KISD and Dr. Jenny McGown request that the Court grant their Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss and dismiss all of Plaintiff's claims against them with prejudice.

12

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

/s/ Paul A. Lamp
PAUL A. LAMP
State Bar No. 24002443
Federal I.D. 21711
plamp@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

ATTORNEY FOR DEFENDANTS KLEIN
INDEPENDENT SCHOOL DISTRICT
AND DR. JENNY MCGOWN

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of August 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Renee Walker, Esq.
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
*Via* CM/ECF

/s/ Paul A. Lamp
ATTORNEY FOR DEFENDANTS KLEIN
INDEPENDENT SCHOOL DISTRICT
AND DR. JENNY MCGOWN

13