# UNITED STATES DISTRICT COURT
for the

Southern District of Texas – Houston Division

| | |
|---|---|
| JULIANA RIVERA, Individually and as Representative of the ESTATE of EREN RIVERA, Deceased, *Plaintiffs,* | **4:26-CV-04462** |
| -v- | **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| KLEIN INDEPENDENT SCHOOL DISTRICT; EPPS ISLAND ELEMENTARY SCHOOL; DR. JENNY MCGOWN, in her official capacity; JOHN/JANE DOE SCHOOL EMPLOYEES 1–10, *Defendants.* | |

**OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Plaintiff Juliana Rivera files this Opposition to Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and would show as follows:

**The Complaint Plausibly Alleges Municipal Liability Under 42 U.S.C. § 1983**

Defendant Klein Independent School District argues that the municipal-liability claim fails because the Complaint does not identify a pattern of prior constitutional violations. That argument treats a prior pattern as an inflexible pleading requirement. Although a pattern is ordinarily necessary when municipal liability rests on a failure to train or supervise, the Supreme Court recognizes a narrow "single-incident" theory where the need for training was so obvious,

and the inadequacy so likely to result in a constitutional violation, that the policymaker's deliberate indifference may be inferred without proof of earlier violations. *City of Canton v. Harris*, 489 U.S. 378, 390 & n.10 (1989); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997); *Connick v. Thompson*, 563 U.S. 51, 63–64 (2011).

The Complaint plausibly invokes that narrow exception. It alleges that Eren Rivera suffered an obvious, life-threatening choking emergency while under the District's supervision; that multiple District employees observed or became aware that he could not breathe; that no employee timely performed basic emergency measures, summoned qualified medical assistance, or otherwise rendered aid; and that he died as a result. ECF No. 1 ¶¶ 15-18. It further alleges that the District placed employees in direct supervisory control of children, including during meals and the school day, while providing no adequate training, protocol, or supervision concerning recognition of airway obstruction and the immediate response required to prevent death. *Id.* ¶¶19-20.

At the pleading stage, those allegations permit the reasonable inference that the District's deficient emergency-response policy or training—not merely an isolated employee mistake—was the moving force behind the constitutional injury. Dismissal is therefore premature.

**A. The Single-Incident Exception Applies When the Constitutional Consequence of Failing to Train Is Patently Obvious**

A local governmental entity is liable under § 1983 when an official policy or custom causes the deprivation of a federal right. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978). A plaintiff must plausibly allege: (1) an official policy or custom; (2) attributable to a

final policymaker; and (3) that was the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

An actionable policy may include a formally adopted rule, a widespread practice, a decision by a final policymaker, or—in narrowly defined circumstances—a policymaker's deliberately indifferent failure to train or supervise. *City of Canton*, 489 U.S. at 387–90; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). A municipality's omission is actionable when its policymakers chose not to address an obvious need and that choice caused the constitutional injury. *City of Canton*, 489 U.S. at 390.

Ordinarily, deliberate indifference is established through a pattern of similar violations that placed the municipality on notice. *Connick*, 563 U.S. at 62. A prior pattern is not invariably required, however. Under the single-incident exception, deliberate indifference may be inferred where:

1. the need for specific training or supervision was obvious;
2. the likelihood of a constitutional violation from the omission was highly predictable;
3. the employee was provided no training, or training so deficient that it effectively amounted to no training, concerning the recurring situation; and
4. the omission directly caused the claimed deprivation.

See *City of Canton*, 489 U.S. at 390 & n.10; *Brown*, 520 U.S. at 409; *Connick*, 563 U.S. at 63–64; *Littell v. Houston Independent School District*, 894 F.3d 616, 624–25 (5th Cir. 2018).

The Fifth Circuit has emphasized that the exception is narrow, but it has also rejected the proposition that a plaintiff must always plead previous violations. In *Littell*, the court held that allegations of no training at all concerning an obvious constitutional limitation could support single-incident liability against a school district. 894 F.3d at 624–25. The relevant inquiry is

whether the consequence of the policymaker's failure to provide necessary training was so predictable that the omission itself supports an inference of deliberate indifference. *Id.*; see also *Brown*, 520 U.S. at 409.

Here, choking is an acute emergency in which a child may suffer irreversible injury or death within minutes. The Complaint alleges that the District knowingly assigned untrained or inadequately trained employees to supervise children in settings where food was consumed and choking was an obvious and recurring risk. ECF No. 1 ¶¶ 19-20. It further alleges the absence of an adequate emergency-response policy, training on recognizing airway obstruction, instruction on summoning emergency medical assistance, and supervision ensuring that employees followed basic life-saving procedures. *Id.*

Unlike a situation requiring employees to make a difficult constitutional judgment, an employee's obligation to initiate an emergency response when a child is visibly unable to breathe is immediate and predictable. The likelihood of catastrophic injury from having no trained responder, no implemented protocol, and no timely request for emergency assistance is equally apparent. The Complaint thus alleges more than negligence in administering an otherwise adequate program. It alleges a policymaker's decision to place children under District control while failing to provide the elementary training and procedures necessary to respond to a foreseeable, rapidly fatal emergency.

Those allegations satisfy Rule 8. Whether the District actually provided training, whether that training was adequate, which officials knew of and approved the omission, and whether the omission caused the delay in aid are fact questions requiring discovery. They should not be resolved on a Rule 12(b)(6) motion.

**B. The Complaint Plausibly Connects the Omission to an Official Policymaker**

The Complaint alleges that the District's Board of Trustees possessed final authority over District-wide policies governing employee training, student safety, and emergency response. ECF No. 1 ¶¶ 40-41. It further alleges that the policymaker adopted, approved, or deliberately maintained a policy or training regime that failed to require employees responsible for children to recognize and respond to a choking emergency. *Id.*

These allegations identify more than respondeat superior. The asserted basis of liability is the District policymaker's own deliberate choice concerning training and emergency-response procedures. See *Pembaur*, 475 U.S. at 483; *City of Canton*, 489 U.S. at 389. The policy or omission was the moving force behind the injury because, according to the Complaint, the absence of a trained and timely response allowed a reversible airway obstruction to become fatal. ECF No. 1 ¶¶42.

Alternatively, the Complaint alleges that [final policymaker] personally directed, approved, or knowingly ratified the decision not to render or summon aid despite knowledge of Eren Rivera's condition. ECF No. 1 ¶¶ **41**. A single decision may constitute municipal policy when it is made by an official possessing final policymaking authority concerning the subject matter. *Pembaur*, 475 U.S. at 480–84. The District therefore cannot obtain dismissal merely by labeling the occurrence a "single incident" without addressing the policymaker allegations.

**C. The Allegations Must Be Measured Against a Cognizable Constitutional Duty, Not Gross Negligence Alone**

The District's conduct is not actionable under § 1983 merely because it was negligent or grossly negligent. Section 1983 provides a remedy for the deprivation of a federal right; it does not convert state-law medical-negligence or wrongful-death claims into constitutional

claims. *Daniels v. Williams*, 474 U.S. 327, 332–33 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986). Nor does the Fourteenth Amendment generally impose an affirmative duty on the State to protect a person from private harm. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195–97 (1989).

The Complaint, however, alleges more than an inadvertent failure to appreciate a medical condition. It alleges that District employees actually perceived an immediate threat to Eren Rivera's life—an inability to breathe—yet consciously failed to take readily available measures or summon emergency assistance. ECF No. 1 ¶¶ **40**. It further alleges that employees prevented others from calling 911due to mistakes and miscommunication, delayed emergency responders, affirmatively represented that help had been summoned, or placed the child in a more dangerous position. *Id.* ¶¶ **40**.

Those affirmative acts materially distinguish this claim from one alleging only passive nonprotection. By exercising control over the emergency and preventing or delaying available assistance, the employees allegedly increased the danger to Eren Rivera and rendered him more vulnerable than he otherwise would have been. The conduct was allegedly undertaken with actual knowledge of a substantial and immediate risk of death, supporting an inference of deliberate indifference rather than negligence.

To the extent the Complaint alleges that Eren Rivera was in a custodial relationship with the District, it further alleges that the District exercised such comprehensive physical control that he could not obtain aid independently or through others. ECF No. 1 ¶¶ **37-38**. Once the District affirmatively restricted his access to available assistance, its conscious refusal to respond to his

obvious medical emergency violated his substantive due-process right to bodily integrity and personal security. See *DeShaney*, 489 U.S. at 199–200.

In the alternative, the alleged intentional interference with Eren Rivera's access to emergency assistance constitutes an arbitrary abuse of governmental power implicating bodily integrity. The right to bodily integrity protects against governmental intrusion into a person's physical security. The Complaint alleges that the employees did not merely fail to prevent an independently arising injury; they exercised governmental authority in a manner that prevented aid, prolonged the obstruction and increased the danger, despite actual knowledge that death was imminent.

At minimum, the precise degree of control exercised by District employees, their knowledge of the emergency, the availability of aid, and whether they affirmatively prevented or delayed assistance are fact-intensive matters that cannot properly be resolved against Plaintiff from the pleadings.

**D. The District's Policy Was the Moving Force Behind the Death**

The Complaint alleges a direct causal chain:

1. the District's policymaker failed to adopt or enforce minimally adequate choking-response and emergency-assistance training;
2. District employees responsible for Eren Rivera consequently failed to recognize or respond appropriately to an obvious airway obstruction;
3. no employee timely administered aid or summoned qualified emergency assistance; and
4. the resulting delay caused prolonged oxygen deprivation and death.

ECF No. 1,¶¶ **37 - 42**. These allegations plausibly establish that the challenged municipal omission was closely related to, and the moving force behind, the injury. See *City of Canton*, 489 U.S. at 391; *Brown*, 520 U.S. at 404.

Plaintiff need not prove the policy, policymaker knowledge, or medical causation at the pleading stage. The Complaint need only contain facts supporting a reasonable inference of municipal liability. It does so by identifying the emergency-response subject on which training was absent or constitutionally deficient, the responsible policymaker, the obvious consequences of that omission, the employees' resulting conduct, and the causal relationship between the delayed response and Eren Rivera's death.

Accordingly, the Court should deny the District's motion to dismiss the § 1983 municipal-liability claim.

**Important Doctrinal Qualification**

A bare allegation that school employees failed to aid a choking student ordinarily does **not**, by itself, establish a Fourteenth Amendment violation. Compulsory school attendance generally does not create the type of custody recognized in *DeShaney*, and the Fifth Circuit has repeatedly declined to recognize a broad state-created-danger cause of action. See, e.g., *Doe ex rel. Magee v. Covington County School District*, 675 F.3d 849, 856–65 (5th Cir. 2012) (en banc); *Fisher v. Moore*, 73 F.4th 367, 372–73 (5th Cir. 2023). "Bodily integrity" also is not an independent vehicle for constitutionalizing every failure to provide medical aid.

The strongest § 1983 pleading therefore must identify facts showing one or more of the following:

- affirmative conduct by employees that created or increased the danger;
- restraint, isolation, or interference preventing the child or third parties from obtaining aid;
- a decision by a final District policymaker;
- no training at all on an obvious constitutional obligation, rather than merely imperfect CPR or first-aid training; or
- another independently established constitutional violation.

Without such facts, deliberate indifference or gross negligence alone cannot supply the missing constitutional predicate, and the death may support state-law claims without supporting § 1983 liability. The proposed language concerning affirmative acts, custody, policymaker participation, and complete absence of training should be retained only if supported by the pleaded facts and Rule 11.

Respectfully Submitted,

<u>*/s/ Renee Walker*</u>

Renee Walker
LLG National Law Group
3003 North Central Ave. Ste. 685
Phoenix, AZ 85012
8883630011

**Certificate of Service**

I hereby certify that on this 10th day of August, 2026, a true copy of the foregoing Opposition to Klein ISD and Dr. Jenny McGown's Motion to Dismiss was served upon counsel for Defendants by EMF electronic filing system.

SPALDING NICHOLS LAMP LANGLOIS

PAUL A. LAMP
State Bar No. 24002443 Federal I.D. 21711 plamp@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

ATTORNEY FOR DEFENDANTS KLEIN INDEPENDENT SCHOOL DISTRICT
AND DR. JENNY MCGOWN

*/s/ Renee Walker*
Renee Walker
Attorney for Juliana Rivera, individually and
As Representative to Estate of Eren Rivera