**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JULIANA RIVERA, Individually and as Representative of the ESTATE of EREN RIVERA, Deceased,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:26-CV-04462** |
| | § | |
| **KLEIN INDEPENDENT SCHOOL DISTRICT et al.** | § | |
| | § | |
| ***Defendants.*** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   On September 1, 2026, Defendants' counsel Paul A. Lamp conferred by telephone with Plaintiffs' counsel Renee Walker.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **<u>Briefly</u> describe what this case is about.**

   This case arises from the death of seven-year-old Eren Rivera, a student at Klein ISD's Epps Island Elementary School, who suffered a choking episode during lunch on February 24, 2025. Plaintiff Juliana Rivera alleges that Klein ISD and its employees failed to adequately recognize and respond to Eren's medical emergency and asserts federal constitutional claims under 42 U.S.C. § 1983, as well as state law wrongful-death, survival, and negligence claims. Defendants deny Plaintiff's allegations and contend that Plaintiff's federal claims fail to state a constitutional violation and that Klein ISD is immune from Plaintiff's state-law tort claims.

4. **Specify the allegation of federal jurisdiction.**

Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiffs' federal claims arise under the U.S. Constitution. Texas causes of action are covered by supplemental jurisdiction.

5. **Name the parties who disagree and the reasons.**

Defendants agree that the Court has jurisdiction over Plaintiffs' claims that arise under federal law. Plaintiffs also bring state law tort claims against KISD. Defendants maintain that the Court lacks jurisdiction over these claims because KISD is immune from state law tort claims except where the harm arises from the negligent use or operation of a motor-vehicle or motor-driven equipment, which is not present in this case. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.051.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

7. **List anticipated interventions.**

None.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have not yet made initial disclosures. The Parties agree to exchange initial disclosures within fourteen (14) days after the initial conference.

10. **Describe the proposed agreed discovery plan, including:**

A. **Responses to all the matters raised in Rule 26(f).**

The Parties have been put on notice of the preservation of evidence requirement in this case, and at this time, do not have any preservation concerns.

The Parties agree that the inadvertent disclosure of privileged documents under Federal Rule of Evidence 502 shall not require the intervention of the Court.

The Parties agree to serve all pleadings, notice, and correspondence via email and/or ECF.

The Parties agree that and all documents produced in this matter must be produced in .pdf format with a bates label. Further, the parties agree to accept service of all document productions electronically (*i.e.* email, FTP network).

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff intends to send interrogatories to all defendants within 60 days.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants intend to send interrogatories to Plaintiff Juliana Rivera within 60 days of the initial conference.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff intends to depose Constance Hawkins, Jenny McGown and other relevant persons by the discovery deadline.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants intend to depose Plaintiff Juliana Rivera and other persons with knowledge of relevant facts by the discovery deadline.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide reports by the discovery deadline. Defendants will designate experts and provide reports within forty-five days after Plaintiff designates experts and provides reports.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose Defendants' experts by the discovery deadline.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate deposing Plaintiff's experts by the discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The Parties believe discovery can be completed by May 31, 2027.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

**Plaintiff's Response:** Plaintiff's counsel will initiate inquiry on damages to prompt starting point.

**Defendants' Response:** Defendants do not believe a prompt settlement or resolution of this case is possible given the defenses asserted in Defendants' Motion to Dismiss.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

**Plaintiff's Response:** 26f discussion, discussion with client and discovery.

**Defendants' Response:** Defendants have filed a Motion to Dismiss in an effort to promptly resolve this case.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

**Plaintiff's Response:** Plaintiff is open to mediation as well as a settlement conference before the Court's Magistrate Judge.

**Defendants' Response:** Defendants maintain that alternative dispute resolution is not appropriate for this case. In the event the Court orders mediation, Defendants prefer a settlement conference with the Court's Magistrate Judge.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Plaintiffs made a timely demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

The Parties estimate that it will take 16 to 20 hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Motion to Dismiss. Dkt. 11.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

On behalf of Plaintiffs: Renee Walker, renee.walker@llgnational.com, Texas Bar No.: 16958480, 3003 N. Central Ave., Ste. 685, Phoenix, Arizona, 85012, Telephone: (602) 960-9400.

On behalf of Defendants: Paul A. Lamp, plamp@snll-law.com, Texas Bar No. 24002443, 3700 Buffalo Speedway, Ste. 500, Houston, Texas, Telephone: (713) 993-7066.

*/s/ Renee Walker*
Counsel for Plaintiff

09/01/2026
Date

*/s/ Paul A. Lamp*
Counsel for Defendants

09/01/2026
Date

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ *Paul A. Lamp*
Counsel for Defendants